UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BENNETT SMITH, Jr., CDCR #BX-4843,<br><br>                              Plaintiff,<br><br>vs.<br><br>FOOD 4 LESS; Store Management; THE KROGER CO., Customer Relations,<br><br>                              Defendants. | Case No.  24-cv-01561-RSH-VET<br><br>**ORDER:**<br><br>**(1)  DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR HEARING AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>**[ECF Nos. 2, 4]** |

   Plaintiff John Bennett Smith, Jr., a state prisoner currently incarcerated at Pelican Bay State Prison in Crescent City, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Smith alleges he was harassed, defamed, racially profiled, unlawfully detained, and later convicted for

shoplifting at a Food 4 Less grocery store (owned and operated by "The Kroger Co.") in San Diego in October 2023. *Id.* at 2–4.

Smith did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. Smith has since submitted a "Motion for Hearing," followed by a series of *ex parte* letters requesting a response from The Kroger Co., offering to settle the case for $300,000, and seeking his immediate release on parole. *See* ECF Nos. 3–7.

For the reasons below, the Court denies Smith's motions and dismisses this civil action without prejudice.

## I.   IFP MOTION

### A.   Legal Standard

When someone files a lawsuit (other than a writ of habeas corpus) in a federal district court, the filer must pay a statutory fee of $350. *See* 28 U.S.C. § 1914(a).[1] Absent fee payment, the action may proceed only if the filer seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Smith, however, "face an additional hurdle." *Id.*

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing

---

[1]   The court charges an additional $55 administrative fee, but "[t]his fee does not apply to … persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914 (Jud. Conf. Schedule of Fees, Dist. Ct. Misc. Fee Schedule § 14 (eff. Dec. 1, 2023); *see also* S.D. Cal. CivLR 4.5.a.

suit in forma pauperis (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). "A negative consequence that may impact a prisoner who files [] frivolous complaint[s] is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017).

When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). In other words, "[a] strike-call under Section 1915(g) [] hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax*, 140 S. Ct. at 1724–25. "[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019); *see also Hoffman v. Pulido,* 928 F.3d 1147, 1152 (9th Cir. 2019) ("[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason.") (citing *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)). Once a prisoner accumulates three strikes, however, § 1915(g) precludes his ability to proceed IFP in any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes,* 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)).

**B.  Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120

(9th Cir. 2005). This is one of those instances as a review of this Court's dockets shows Smith is no longer eligible to proceed IFP, because while incarcerated, he has had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Smith's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records). The following docket records are sufficient to show Smith has three qualifying strikes:

(1) *Smith v. Gibson, et al.*, Civil Case No. 3:96-cv-01959-H-RBB (S.D. Cal. May 29, 1997) (order granting defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) [ECF No. 12]; *id.* (S.D. Cal. March 31, 1998) (order granting plaintiff's motion to withdraw and dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(a)(1)) [ECF No. 29] (strike one);[2]

(2) *Smith v Beltran, et al.*, Civil Case No. 3:97-cv-01193-BTM-CGA (S.D. Cal. April 9, 1998) (order granting defendants' motion to dismiss amended complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) [ECF No. 23 at 6–10] (strike two); and

(3) *Smith v. Beltran, et al.*, Civil Case No. 3:97-cv-01288-B-POR (S.D. Cal. Nov. 28, 1997) (order dismissing complaint *sua sponte* with leave to amend) [ECF No. 2]; *id.* (S.D. Cal. May 5, 1998) (order dismissing amended complaint with prejudice and without leave to amend) [ECF No. 8] (strike three).[3]

---

[2]   *See Harris*, 863 F.3d at 1142 (finding that a failure to amend, via voluntary dismissal, does "not negate the determination already made by the Court that the complaint [plaintiff] had filed ... failed to state a claim."). "A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunit[y] to amend." *Id.* at 1143.

[3]   Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) "may constitute a PLRA strike for failure to state a claim when *Heck'*s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." *Washington*, 833 F.3d at 1055; *Ray*, 31 F.4th at 697.

Because Smith accumulated these three prior strike dismissals while incarcerated, he may not proceed IFP unless he meets Section 1915(g)'s "imminent danger" exception.[4] To do so, his pleadings must contain a "plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701. The exception "functions as a limited safety valve," *id.*, but it "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021).

Smith's complaint does not include any plausible allegations of imminent physical danger. Instead, he claims grocery store employees wrongly accused him of shoplifting more than a year ago. *See* ECF No. 1 at 3. Because nothing in his pleading suggests Smith faced any "imminent danger" that is "fairly traceable" to the unlawful conduct alleged in his complaint at the time he filed it, he does not qualify for an imminent danger exception to § 1915(g)'s three strikes rule and is not eligible to proceed IFP in this case. *Ray*, 31 F.4th at 701; *see Cervantes*, 493 F.3d at 1056–57.

## II.   CONCLUSION

For the reasons explained, the Court:

1.   **DENIES** Smith's Motions to Proceed IFP and Motion for Hearing [ECF Nos. 2, 4], as barred by 28 U.S.C. § 1915(g);

2.   **DISMISSES** this civil action without prejudice based on Smith's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a);

---

[4]   In fact, Smith was notified these three prior civil actions qualified as strikes when Judge Moskowitz denied him leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) on December 30, 1998. *See Smith v. United States Marine Corps, et al.*, S. D. Cal. Case No. 3:98-cv-01948-BTM-POR (Order denying IFP and dismissing civil action pursuant to 28 U.S.C. § 1915(g)) (ECF No. 6).

3.  **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4.  **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: November 5, 2024

*Robert S. Huie*

Hon. Robert S. Huie
United States District Judge